## Case No. 8,113.

### LATHROP v. STUART.

[5 McLean, 167.] [1]

Circuit Court, D. Ohio. Oct. Term, 1850.

PRESUMPTION OF JURISDICTION — PLEA OF DISCHARGE IN BANKRUPTCY—JURISDICTION OF DISTRICT COURTS OVER BANKRUPTCY.

1. A judgment or decree of a court having plenary jurisdiction of the subject matter. being averred in pleading. it will be presumed that the requisite prior proceedings were had.

2. The proceedings under the late bankrupt law of the United States [5 Stat. 440] upon the petition of a debtor for relief, are not ex parte in their character.

3. This court will take judicial notice that the district courts of the Union were invested with exclusive original jurisdiction in such cases; and a decree and certificate of discharge being averred, the court will presume that all previous necessary steps were duly taken.

[Cited in Sawyer v. Rector, 5 Dak. 110, 37 N. W. 747.]

4. The 4th section of the late bankrupt act makes the decree and certificate conclusive, unless fraud in obtaining them is averred.

[This was an action by Sylvanus Lathrop against William Stuart. Heard on demurrer to a plea of discharge in bankruptcy.]

D. Peck, for plaintiff.

Mr. Fox, for defendant.

OPINION OF THE COURT. The plea to which a demurrer is filed in this case, sets up in bar of the action, the defendant's discharge under the late bankrupt act, by the decree of the district court of the United States for the Southern district of Alabama. The averment of the plea is, that such decree was duly entered, and a certificate issued in pursuance thereof. It is insisted that the plea is deficient, in not averring that a petition was filed, and that the court had jurisdiction. It is a principle long since settled, that in pleading the judgment or decree of a court having plenary jurisdiction of the subject, it is not necessary to set forth the proceedings preliminary to such judgment or decree. The presumption of law is conclusive, that all the requisite prior proceedings were had in the case, till the contrary appears. This general doctrine is not controverted by the counsel in support of this demurrer, but its applicability to a decree of a district court in bankruptcy is denied. It is contended that proceedings in bankruptcy under the late law were virtually ex parte; and that a party pleading a discharge under it must aver that all the steps required by the statute have been strictly pursued, and that the court had jurisdiction to enter the final decree. It may be remarked in the first place, that the court can see no reason for holding that bankrupt proceedings are, in any just sense of the term, ex parte in their character. By the express requirement of the bankrupt act, the creditors of the petitioner for relief under it were entitled to notice of the pendency of the petition, by publication in at least three newspapers in the district. And, in addition to this, before a final decree of discharge could be entered, every creditor of the applicant whose residence was known, was entitled to notice, either personally served on him, or by letter, directed to him, at his usual place of residence, of the time and place of the hearing of the petition for a final discharge. This court will presume that this requisite of the law has been complied with; and, consequently, that the creditors of the defendant were parties to the proceeding in bankruptcy. In this view, it was not ex parte; and the legal presumption in favor of the regularity and validity of the steps pursued prior to the decree, exists in full force.

The court will take judicial notice of the fact, that the district courts of the Union were vested with exclusive jurisdiction in all original proceedings under the bankrupt act. By the 7th section of that act, it is expressly declared, "that all petitions by any bankrupt for the benefit of said act, and all petitions by a creditor against any bankrupt under said act, and all proceedings in the case to

the close thereof, shall be had in the district court within and for the district in which the person supposed to be a bankrupt shall reside or have his place of business, at the time when such petition is filed, except where otherwise provided in this act." This provision is quite sufficient, in the judgment of this court, to support the usual legal intendments in favor of the proceedings and jurisdiction of a district court, in bankrupt cases. But we suppose the provision of the 4th section of the bankrupt law, declaring the force and effect of a decree of discharge, is conclusive upon the question presented on this demurrer. That provision is as follows: "And such discharge and certificate, when duly granted, shall, in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall be and may be pleaded, as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment by him of his property or rights of property." In the case of White v. Howe [Case No. 17,549], a construction was given to this provision, in the decision of a demurrer to a plea precisely like that now before this court. This decision was made in the Michigan circuit court, Judge McLean presiding. His language is: "The plea is substantially good. It is not necessary to set out in such plea more than the certificate and discharge duly authenticated. The above provision makes these evidence, and conclusive evidence, unless the proceedings shall be shown to have been fraudulent."

The demurrer is therefore overruled.

[NOTE. The court subsequently gave leave to the plaintiff to amend his pleadings so that a plea of fraud might be filed. But, as the amended pleadings were not filed, judgment of nonsuit was entered, with leave to move to set aside. Case No. 8,112.]