JEWETT D. BENEDICT v. SHUBAEL SMITH AND FLETCHER BENEDICT.

|     |      |
| --- | ---- |
| 48  | 593  |
| 149 | ³516 |

*Special pleas—Notice of defence—Res judicata by bankruptcy discharge.*

Special pleas, though abolished by Comp. L. § 5792, may properly be allowed to stand in place of the notice of defence, where notice is necessary. § 5794.

A decree in bankruptcy if rendered by a court which has jurisdiction over the estate is conclusive upon claims, unless attacked in the bankrupt court for fraud, (U. S. Rev. St. § 5120); it cannot be collaterally attacked in other courts.

A discharge in bankruptcy cannot be treated by another court as void as to any particular creditor of whose person the bankruptcy court did not obtain jurisdiction by service of notice; bankruptcy proceedings are not strictly *in personam*.

Error to Wayne. Submitted June 14. Decided June 21.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Albert J. Chapman* for appellant. At common law a discharge in bankruptcy was not admissible under the general issue, but had to be pleaded specially: Gould's Pl. ch. 6 § 51; 1 Chit. Pl. 504, 506; a discharge granted with-

out jurisdiction to grant it is inoperative: Bump's Bankruptcy (6th ed.) § 526, § 34, n.; a fact which goes to defeat the jurisdiction of the bankrupt court may be shown by plea and proof in any court by any one not estopped: id., and see *Batchelder v. Low* 43 Vt. 662.

*Moore & Bentley* for appellee Smith.   In an action against a bankrupt, a plea of the general issue and of discharge under the bankrupt law is sufficient (Green's Pr. § 1514) if it informs the plaintiff with reasonable certainty, of the defence: *Rosenbury v. Angell* 6 Mich. 515; a discharge in bankruptcy duly granted shall release the bankrupt from all debts, claims, liabilities and demands, which were or might have been proved against his estate in bankruptcy: U. S. Rev. Stat. (2d ed. 1878) § 5119; proceedings in bankruptcy cannot be impeached in a collateral proceeding, as they are in the nature of a proceeding *in rem* before a court of record having jurisdiction: *Shawhan v. Wherritt* 7 How. 627; *Lathrop v. Stuart* 5 McL. 167; *McMaster v. Campbell* 41 Mich. 516:

Cooley, J.   This suit is upon a note given by defendant Smith to Fletcher Benedict and by him endorsed to the plaintiff.   The plea of Smith is the general issue, with special plea of discharge in bankruptcy.   Special pleas are not allowed in this State: Comp. L. § 5794; but where one is put in it is customary to allow it to stand as a notice of defence; and there can be no valid objection to that course. Special pleas were abolished to avoid technicality and prolixity, but notices containing the substance of special pleas are required where such pleas were formerly essential, and if the one is put in where the other should have been, the difference, being in matter of form only, may be disregarded, and the general purpose the statute had in view will be advanced by that course.

In support of the special plea or notice Smith introduced the records of the bankruptcy court, and they showed a full discharge granted October 22, 1879.   But it appeared from the files that the name of Fletcher Benedict did not appear

as a creditor anywhere in the proceedings, although he then held this note; and he was not shown to have been served with any notice as was required by the bankrupt law. On this showing the plaintiff claimed that the discharge in bankruptcy was void as to Fletcher Benedict for the reason that the bankruptcy court never obtained jurisdiction of his person.

If bankruptcy proceedings were strictly proceedings *in personam* this view would be unanswerable; but this is not the case. Jurisdiction over the estate empowers the court to make decree, and the decree is conclusive upon claims unless attacked for fraud in the bankrupt court itself. R. S. of U. S. (1878), § 5120. It cannot be attacked collaterally in other courts.

The judgment must be affirmed with costs.

The other Justices concurred.