CHESTER H. GRAVES ET AL. v. BENJAMIN S. WRIGHT.

*Conclusiveness of discharge in bankruptcy.*

A discharge in bankruptcy is a complete defense to an action in some other court upon a claim which the bankrupt omitted by mistake from his schedule of debts.

Error to the Superior Court of Detroit. (Chipman, J.) April 9.—April 23.

ASSUMPSIT. Defendant brings error. Reversed.

*Barbour & Rexford* for appellant. Proceedings in bankruptcy are in the nature of proceedings in rem and the public notice required having been given, creditors must be treated as having notice of the proceedings: *Shawhan v. Wherritt* 7 How. 643; *Eberhardt v. Wood* 6 Lea 467; a discharge in bankruptcy, even when a creditor's name has been fraudulently omitted from the schedules, cannot be impeached in any other court than that by which it was granted: *Ocean Nat. Bk. v. Olcott* 46 N. Y. 12; *Poillon v. Lawrence* 43 N. Y. Sup. Ct. 385; *Black v. Blazo* 117 Mass. 17; *Milhous v. Aicardi* 51 Ala. 594; *Thurmond v. Andrews* 10 Bush 400; *Corey v. Ripley* 57 Me. 69; Bump's Bankr. (1877) 735-6, 759; the claim of a creditor is barred by a discharge of the debtor in bankruptcy, although his name was not placed in the schedule, nor any notice given to him personally or by mail, the notice by publication having been given according to the bankrupt law: *Heard v. Arnold* 56 Ga. 570; *Platt v. Parker* 6 Thomp. & C. 377: 4 Hun 135; *Jones v. Knox* 51 Ala. 367; *Symonds v. Barnes* 6 B. R. 377; *Blum v. Ricks* 39 Tex. 112.

*Julian G. Dickinson* for appellee. The creditors of an insolvent, who are the defendants in his petition to be adjudged a bankrupt, should have their day in court: *In re Adams* 2 B. R. 272; *In re Farrell* 5 B. R. 125; and should not be deprived of it by either the fraud or the mistake of the petitioner: *Morse v. Presby* 25 N. H. 299; *Hill v. Robbins* 22 Mich. 475; *In re Tooker* 14 B. R. 35; *In re Rei-*

*man* 13 B. R. 128; *In re Bechet* 12 B. R. 201; *In re Hurst* 13 B. R. 455.

CHAMPLIN, J.   Plaintiffs brought assumpsit to recover upon a promissory note for $199.41, dated at Boston, September 20, 1876, given by the defendant, and made payable to his own order two months after date, and by him endorsed. The defense set up is a discharge of the defendant in bankruptcy granted by the district court of the United States for the eastern district of Michigan, after the giving of the note and prior to the commencement of suit.

The case was tried before the court without a jury, who rendered a judgment for the plaintiffs upon the following facts found by the court:

"*First*, that defendant is the maker of the note set forth in plaintiffs' declaration, that plaintiffs are bona fide holders thereof, and that there is due on said note the sum of $268.58; *second*, that after giving said note, and while it was an existing legal claim against him, defendant voluntarily applied to the United States district court for the eastern district of Michigan, in bankruptcy, to be adjudicated a bankrupt; *third*, that defendant made no entry of said note as an existing claim against him in his list of debts and creditors presented to said district court, and that said note, nor the claim it constituted against him, was in any manner before said court, and was never passed upon nor provided for by said court; *fourth*, that the said note was made in Boston, in the state of Massachusetts, has been held there since it was made, and that plaintiffs are, and have been since said note was made, residents of said city of Boston; *fifth*, that no notice of any kind was served personally on said plaintiffs during the entire course of said bankruptcy proceedings, but that all the notices required to be published by law in said proceedings were duly published, but said proceedings were never brought to plaintiffs' personal knowledge; *sixth*, that before the commencement of this suit defendant was discharged in the said United States court as a bankrupt; *seventh*, that the omission to enter the said note on the schedules in bankruptcy was made by defendant, because he believed the note had been paid by the person to whom he originally delivered it as an accommodation, and that said omission was a mistake, and not in fraud.   From these facts the court finds in favor of

plaintiffs and against the defendant for the amount due on said note."

There is nothing in the facts to distinguish this case from *Benedict v. Smith* 48 Mich. 593. Applying the principle of that case to this, the judgment of the Superior Court must be reversed, and a judgment entered here for the defendant, with costs of both courts.

The other Justices concurred.