SAWYER *et al.*, Respondents, *v.* RECTOR, Appellant.

1. **Bankruptcy — Discharge, Effect of — Fraud of Bankrupt — Want of Notice to Creditors.**

   To an action for indebtedness the defendant pleaded and proved a discharge in bankruptcy, founded upon his petition filed after the existence of the debt provable in bankruptcy. *Held*, under the U. S. R. S. §§ 5117–5120, that the discharge was a full and complete bar to the action, though it was found that the defendant willfully omitted from his list of creditors the names of the plaintiffs; that he knowingly and willfully concealed their names from the marshal, that notice might not be given them, in order that he might be adjudged a bankrupt, and procure his discharge; that the plaintiffs had no knowledge of the bankruptcy proceedings until nearly three years after the granting of the discharge.

2. **Same—Collateral Attack.**

   In such case the discharge cannot be attacked collaterally.    It must be contested in the court granting it, in an application to annul on the grounds of fraud, or by a direct proceeding in some other court having jurisdiction.

3. **Nature of Bankruptcy Proceedings.**

   Proceedings in bankruptcy relate to the estate of the debtor and its application to the payment of his debts, and are in the nature of proceedings *in rem.*    The petition, schedule, and inventory required to be filed are only incidents in the course to be pursued in bringing his estate into court for adjudication.

4. **Object of the Law.**

   The real object of the bankrupt law is to relieve the debtor from the burden of his debts when he surrenders his estate to the assignee for the benefit of his creditors.

5. **Jurisdiction of Courts of Bankruptcy.**

   Whether a district court of the United States, acting as a court of bankruptcy, is one of general or limited jurisdiction, not determined; but, if it is of limited and special jurisdiction, the sufficiency of the proof upon which the court took its action is not open to collateral inquiry.

(Argued May 20, 1887; reversed May 26; opinion filed February 23, 1888.)

Appeal from the district court of Cass county; Hon. Wm. B. McConnell, Judge.

Action by Samuel A. Sawyer, David L. Wallace, and Thomas Miller, partners under the name of Sawyer, Wallace & Co., against the defendant to recover for services and money advanced. The defendant set up a discharge in bankruptcy. The plaintiffs had judgment, and the defendant appealed.

*Miller & Greene* and *J. R. Gamble*, for appellant.

Under the provisions of the bankrupt law, and in view of the findings of the trial court, we contend it had no authority to declare that the plaintiffs' claim is exempted from the operation of the defendant's discharge. It could only be impeached in the court where granted, for the reason that the ground upon which it is sought to avoid the discharge is one of those specified in section 5110 of the Revised Statutes of the United States. It is well established that the United States courts have exclusive jurisdiction in all cases where the discharge is attacked upon the grounds specified in that section. *Way v. Howe*, 108 Mass. 502; *Burpee v. Sparhawk*, Id. 111; *Benedict v. Smith*, 48 Mich. 593, 12 N. W. Rep. 866; *Black v. Blazo*, 117 Mass. 17; *Corey v. Ripley*, 57 Me. 69; *Bailey v. Carruthers*, 71 Me. 172; *Ocean Nat. Bank v. Olcott*, 46 N. Y. 12; *Rayl v. Latham*, 27 Ohio St. 452; *Milhans v. Awardi*, 51 Ala. 594; *Poillon v. Lawrence*, 77 N. Y. 207; *Hudson v. Bingham*, 12 Amer. Law Reg. 637; *Reed v. Bullington*, 49 Miss. 223; *Payne v. Able*, 7 Bush, 341; Bump, Bankruptcy, (10th Ed.) 773.

This construction is in perfect accord with the settled law in relation to judgments as it has been announced by the highest courts of this country. *Christmas v. Russell*, 5 Wall. 290; *D'Arcy v. Ketchum*, 11 How. 165; *Webster v. Reid*, Id. 437; *Mills v. Duryee*, 7 Cr. 481; *Bicknell v. Field*, 8 Paige, 440.

If the notice required by section 3109, referred to in the thirteenth finding of fact, has been duly published, the discharge will bar the debt, although the name of the creditor was not

placed on the schedule, or any notice given to him.  *Symonds* v. *Barnes*, 39 Me. 191; *Randall* v. *Sutton*, 2 Houst. 510; *Knab* v. *Hayes*, 71 N. C. 109; *Stern* v. *Nussbaum*, 47 How. Pr. 489; *In re Archenbrann,* 7 C. L. N. 99; *Blum* v. *Ricks*, 39 Tex. 112; *Hood* v. *Spencer*, 4 McLean, 168; *Pattison* v. *Wilbur*, 10 R. I. 448; *Burnside* v. *Brigham*, 49 Mass. 75; *Thurmond* v. *Andrews*, 10 Bush, 400; *Thomas* v. *Jones*, 39 Wis. 124; *Heard* v. *Arnold*, 56 Ga. 570; *Jones* v. *Knox*, 51 Ala. 367; *Thornton* v. *Hogan*, 63 Mo. 143, (3 Cent. L. J. 719;) Bump, Bankruptcy, (10th Ed.) 750; *Allen* v. *Thompson*, 10 Fed. Rep. 116.

This notice is the one that must be duly published in order to give the district court jurisdiction over the creditors who are not notified personally.   See *Pattison* v. *Wilbur* and *Thurmond* v. *Andrews, supra.*

All proceedings under the bankruptcy act were in the nature of proceedings *in rem*, hence the broad jurisdictional effect of the publication of these notices.   See Waples, Proc. in Rem. 110, 111; *Michaels* v. *Post*, 21 Wall. 391; *Rayl* v. *Latham*, 27 Ohio St. 452; *Shawhan* v. *Wherritt*, 7 How. 627; *Benedict* v. *Smith,* 48 Mich. 593, 12 N. W. Rep. 866.

*Stone & Newman,* for respondent.

While the discharge may be valid as to other creditors, it is invalid as to creditors whose names are fraudulently omitted from the schedules, and the provisions of the law for setting aside the discharge altogether do not prevent such creditors from showing that it is invalid as to them in any tribunal where other creditors are not concerned.   Bump, Bankruptcy, (7th Ed.) 643; *Poillon* v. *Lawrence*, 77 N. Y. 207; *Batcheldor* v. *Lowe,* 43 Vt. 662; *Burnside* v. *Brigham*, 8 Metc. (Mass.) 49; *Knab* v. *Hayes*, 71 N. C. 109; *Downer* v. *Dana*, 22 Vt. 337; *Lamb* v. *Brown*, 12 N. B. R. 522; *Platt* v. *Parker*, 13 N. B. R. 14; *Barnes* v. *Moore*, 2 N. B. R. 573; *Magoner* v. *Warfield*, 3 G. Greene, 293; *Mitchel* v. *Singletary,* 19 Ohio, 291; *Hubbard* v. *Cramp*, 11 Paige, 341; *Platt* v. *Parker*, 4 Hun, 135; S. C. 6 Thomp. & C. 377; *Michaels* v. *Post*, 21 Wall. 398; Bump, Bankruptcy, § 5119.

The provisions of section 5120, Rev. St. U. S., apply only to cases where the discharge was fraudulently obtained upon the grounds specified in section 5110, which grounds relate to the validity of the discharge itself, and have no reference to the question whether a particular debt is discharged, or a particular debtor barred from maintaining suit upon his claim against the bankrupt.

Section 5110 nowhere, even by implication, specifies a fraudulent omission of creditors from schedules, or fraudulent concealment from the creditors of the fact that proceedings are pending, as a ground for invalidating the discharge.

This is not a case coming within the provisions of that section. See *Poillon* v. *Lawrence, supra.*

The bankrupt act is intended to deprive creditors of all remedy for the recovery of their debts, and should be strictly construed, and not extended beyond a fair and legitimate meaning of the terms used by congress. *Salters* v. *Tobias,* 3 Paige, 338.

The district court of the United States had no jurisdiction of the persons of respondents in the bankruptcy proceedings of appellant.

The position of appellant is that, the record being silent as to the facts which gave jurisdiction to the bankruptcy court, such jurisdiction will be presumed.

It is true that a superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly, but is the district court of the United States, acting as a court of bankruptcy, a superior court of general jurisdiction?

In *Ex parte Smith,* 94 U. S. 455, it is held that "the facts upon which the jurisdiction of the courts of the United States rests must in some form appear in the record of all suits prosecuted before them. To this rule there are no exceptions."

The powers of the bankruptcy courts are derived wholly from the statutes of the United States, are special and summary, and not exercised or brought into action according to the course of the common law.

It is conceded that if the notice required by the Revised Stat-

utes, § 5019, had been duly published, and proof of such publication had appeared in the record of bankruptcy proceedings, the discharge would have been a bar to the debt of plaintiffs, if otherwise properly granted, and had been without fraud on the part of appellant.

It is by this notice that bankruptcy courts obtained jurisdiction of the persons of creditors who were not personally served with the notice required by section 5019.  *Pattison* v. *Wilson,* 10 R. I. 448.

The distinction in the presumption of law, when applied to proceedings in courts of general jurisdiction acting within the scope of their general powers, and when applied to those proceedings had under special statutory authority, is stated in *Galpin* v. *Paige,* 18 Wall. 350.   See, also, *Harvey* v. *Tyler,* 2 Wall. 328; *Morse* v. *Fowler,* 5 Fost. (N. H.) 302; *McNinn* v. *Wheeler,* 27 Cal. 30; *Ricketson* v. *Richardson,* 26 Cal. 149; *Jordan* v. *Giblin,* 12 Cal. 100; *Oakley* v. *Aspinwall,* 4 N. Y. 513; Wells, Jurisdiction, 36; Freeman, Judgments, 122–124, 127, 133.

The claim of respondents against appellant was property.

If the position of appellant be correct, the plaintiffs have been deprived of this property without notice, and without opportunity to be heard, and by the judgment of a court of special and limited jurisdiction proceeding under statutory authority, and in a manner unknown to the common law.

The discharge of appellant, if obtained without the notice provided by law to the respondents, cannot affect their rights, or bar their recovery in this action.

*Stuart* v. *Palmer,* 74 N. Y. 183, 192; *Harris* v. *Hardeman,* 14 How. 14; *Boswell's Lessees* v. *Otis,* 9 How. 336.

The provisions of section 5119, R. S. of U. S., that the certificate of discharge shall be conclusive evidence in favor of the bankrupt of the fact of the regularity of his discharge, cannot have the effect of dispensing with the notice to creditors required by the statute.   It relates simply to the mode of proof of the discharge, and not to its effect when proved.

The provision simply substitutes the certificate of discharge

for such proof, and declares that it shall have the same effect. It does not prevent creditors from contesting the validity of the discharge by showing that it was obtained in proceedings of which he was fraudulently deprived of notice. *Batcheldor* v. *Lowe*, 43 Vt. 662; *Burpee* v. *Sparhawk*, 4 N. B. R. 685.

It is claimed that the proceedings of the bankruptcy court are proceedings *in rem*, and that therefore a different rule prevails than in any proceedings where a personal judgment is demanded. So far as the estate of the bankrupt is concerned, the proceedings are proceedings *in rem*, but so far as his discharge operating as a bar to suits by his creditors, and so far as the proceedings affect the property rights of such creditors, it is a proceeding *in personam*, and as to such creditors the same rules prevail as in any other case where personal judgment is sought.

FRANCIS, J. This action comes up on appeal from the district court in and for the county of Cass. The plaintiffs (respondents) brought their action in the district court against the defendant (appellant) to recover the sum of $7,292.23, with interest, alleged to be due from the defendant to them for certain services performed by them for said defendant, the firm of Woodcock & Rector, of which he was a member, and for money paid, laid out, and expended for, and loaned and advanced to, the said firm by them.

The defendant, answering, admitted the partnership between himself and Woodcock; that April 28, 1878, he filed a petition in the district court of the United States for the district of Kentucky, setting forth a list of his creditors, and their respective places of residence, and the amount due to each, and also an inventory of his property, rights, credits, and effects of every kind and nature, and alleging that he was a resident and citizen of the said district of Kentucky, and was owing debts which had not been created in consequence of a defalcation of a public officer, or as an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity, and that he was unable to pay said debts; which petition was duly verified by

his oath; and prayed that he be declared and adjudged a bankrupt by a decree of said court, and discharged from the payment of said debts; that afterwards he was by said court duly adjudged a bankrupt; that he then filed his petition in said court, praying for a discharge from all his debts, and a certificate of such discharge; that his creditors and all parties in interest were duly notified to appear and to show cause; that the defendant, having fully complied with the requirements of the act of congress in relation thereto, and the orders of the court, was, on the 15th day of January, 1880, duly declared by said court entitled to his discharge from his debts, and a certificate thereof; and that a decree was then and there rendered by said court discharging the defendant from all his debts, and a certificate thereof given him,—a copy of which was annexed, and marked "Exhibit A," and made a part of the answer.

The defendant further alleged in his said answer that the cause of action set forth in the complaint of the plaintiffs was due and owing to the plaintiffs before and at the time he filed his said petition, and was so declared a bankrupt, and said debt was one provable against his said estate in bankruptcy, and was set forth among others in his list and schedule of his creditors, and he was therefrom discharged by said proceedings in bankruptcy; and said debt was not created in consequence of a defalcation of a public office, or as an executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity. Wherefore defendant prayed that the action be dismissed, and that he recover his costs.

On the trial in the district court, all the material allegations of the complaint being admitted, the plaintiffs in the first instance offered no testimony. Defendant then offered in evidence the certificate in discharge in bankruptcy, which was admitted without objection, marked "Exhibit A," as follows:

"EXHIBIT A.

"*District Court of the United States, District of Kentucky, at Louisville—sct.:*

"5547.

"Whereas, James Rector has been duly adjudged a bankrupt under the act of congress establishing a uniform system of bankruptcy throughout the United States, and has filed the assent, in writing, of one-fourth in number and one-third in value of his creditors to whom he is liable as principal debtor, and who have proved their claims, and appears to have otherwise conformed to all the requirements of the law in that behalf:

It is therefore ordered by the court that said James Rector be forever discharged from all debts and claims which by said act are made provable against his estate, and which existed on the 28th day of April, 1878, on which day the petition for adjudication was filed by him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

"Given under my hand and the seal of the court, at Louisville, in said district, this 15th day of January, A. D. 1880.

[Signed]                    "W. H. HAYES, Judge."

[Seal of the Court.]

Thereupon the defendant rested. The plaintiffs then offered in evidence a certified transcript of the record of the proceedings in bankruptcy, for the purpose of showing that the names of these plaintiffs nowhere appeared therein as creditors of this defendant, and for the purpose of showing that no notice, such as is required by the bankrupt law, was ever served upon the plaintiffs, and that they were in nowise parties to the proceedings in bankruptcy.

To the introduction of this the defendant objected upon the ground that it was immaterial and incompetent,—immaterial for the reason that the discharge is conclusive evidence as to the

regularity of the proceedings in bankruptcy, and also of the fact that due notice had been given in such proceedings. And defendant further objected to said transcript as evidence of the fact that the plaintiffs were not listed as creditors of the defendant in the bankruptcy proceedings, for the reason that it is immaterial in this action whether or not the plaintiffs were so listed, or whether the plaintiffs as such creditors were actually notified of the bankruptcy proceedings.

Objections overruled by the court, and defendant excepted. Upon the conclusion of the trial, which was to the court, a jury having been expressly waived by both parties, the defendant, among other findings, asked the court to find, as the fifth finding of fact, "that on the said 28th day of April, A. D. 1878, the said Woodcock & Rector and the said defendant were indebted to the plaintiffs on said account in the sum of seven thousand two hundred ninety-two dollars and twenty-three cents, which said sum was due and payable on said last-mentioned date;" and, as the sixth finding of fact, "that on the 28th day of April, 1878, the defendant duly filed a petition in the district court of the United States for the district of Kentucky, which said petition was made and filed in accordance with the provisions of chapter 2 of title 61 of the Revised Statutes of the United States in relation to bankruptcy, and thereby prayed to be declared and adjudged a bankrupt by a degree of said court, and discharged from the payment of his debts, and from the payment of the debts of said copartnership of Woodcock & Rector;" and, as the seventh finding of fact, "that afterwards, and on the 15th day of January, A. D. 1880, the said defendant was duly declared by said court entitled to a discharge from his debts, and from the debts of the said firm of Woodcock & Rector, and to a certificate thereof; and that a decree was then and there rendered by said court discharging said defendant from all his debts, and a certificate thereof given him." And the defendant further asked the court to make and find, among other conclusions of law, the following:

"1. That the said indebtedness of the said firm of Woodcock

& Rector was one provable against the estate of the said defendant in bankruptcy.

"2. That said defendant was duly discharged from said indebtedness by said proceedings in bankruptcy.

"3. That the defendant is entitled to judgment herein against said plaintiffs for his costs and disbursements."

The court refused to find, as requested by defendant, the said fifth, sixth, and seventh findings of fact, and also refused to make and find the said first, second, and third conclusions of law, as requested by the defendant; to which refusals of the court the defendant duly entered his exceptions.

Thereupon the court made and found, among other findings of fact, the following:

"2. That during the years 1874 to 1877, inclusive, the defendant and one G. B. Woodcock were partners, doing business under the firm name and style of Woodcock & Rector.

"3. That during the period aforesaid, and prior to the 28th day of April, 1878, the said Woodcock & Rector, the said defendant, became indebted to the plaintiffs, on account of services performed, and for money paid out and expended, and loaned and advanced, to said Woodcock & Rector, by said plaintiffs, at the request of said Woodcock & Rector and of said defendant, in the sum of eight hundred and eighty-four thousand six hundred and forty-nine dollars and forty cents.

"4. That no part of said indebtedness has ever been paid, except the sum of eight hundred and seventy-seven thousand three hundred and fifty-seven dollars and seventeen cents, which said sum was paid prior to the said 28th day of April, A. D. 1878.

"5. That on the 1st day of May, A. D. 1878, the said Woodcock & Rector and the said defendant were indebted to the plaintiffs, on said account, in the sum of seven thousand two hundred and ninety-two dollars and twenty-three cents, which said sum was due and payable on said last-mentioned date.

"6. That on the 28th day of April, 1878, the defendant filed a petition in the district court of the United States for the district of Kentucky, which said petition was made and filed in

form and manner as provided in chapter 2 of title 6 of the Revised Statutes of the United States in relation to bankruptcy; and thereby prayed to be adjudged a bankrupt within the purview of said act, and that he might be decreed and have a certificate of discharge from all his debts provable under the same.

"7. That, upon the filing of said petition, the register of bankruptcy in and for said district issued a warrant, signed by said register, directed to the marshal of said district, authorizing and directing him, forthwith, as messenger, to publish a notice two times in such newspaper as said marshal should select; that on the 30th day of April, A. D. 1878, a warrant of bankruptcy was issued against the estate of said defendant, who had been adjudged a bankrupt by his own petition; that a meeting of the creditors of said bankrupt to prove their debts, and to choose one or more assignees of his estate, would be held at a court of bankruptcy to be holden at Russellville, Ky., before said register, on the 16th day of May, 1878, at ten o'clock A. M. of said day; and said marshal was by said warrant further directed to serve written or printed notice by mail, or personally, upon the creditors upon the schedule filed with the defendant's said petition, or whose names might be given to him in addition thereto by the defendant, and to give such personal or other notice to any persons concerned as the said warrant specified.

"8. That the schedule of said defendant, filed with his said petition, did not contain a full and true statement of all his debts, exhibiting as far as possible to whom each debt was due, and did not contain either the names, place of residence, or amount of the claim, of these plaintiffs.

"9. That said defendant willfully omitted from said schedule the names and amount of the claim of these plaintiffs; and willfully concealed from the plaintiffs the fact that proceedings to have himself adjudged a bankrupt had been commenced; and knowing and willfully neglected to give the names of these plaintiffs to said marshal in order that said written or printed notice might be served upon them.

"10. That each of the admissions of fact was for the purpose of concealing from these plaintiffs the fact that proceedings had been commenced for the purpose of having said defendant adjudged a bankrupt; that no petition or printed notice was ever served upon these plaintiffs, by mail or personally, as directed by said warrant, and plaintiffs did not know that such bankruptcy proceedings had been commenced, until the month of November, 1883.

"11. That on the 9th day of July, 1878, the said defendant filed in said United States district court his petition praying that he might be decreed by the court to have a full discharge from all his debts provable under such bankrupt act, and a certificate thereof granted according to such act.

"12. That, upon such application for such discharge being made, said district court ordered notice to be given by mail to all creditors of the defendant who had proved their debts, and by publication two times, once a week, in the Bowling Green Democrat, that a hearing would be had on said petition on the 24th day of July, 1878, before said court, at the office of said register, at Russellville, in said district, at 10 o'clock A. M., and that all creditors who had proved their debts, and all other persons in interest, might appear at said time and place, and show cause, if any they had, why the prayer of said petition should not be granted.

"13. That such notice was never served upon these plaintiffs, either personally or otherwise, and was not published in said Bowling Green Democrat, or in any other newspaper.

"14. That afterwards, on the 15th day of January, 1880, a certificate of discharge in bankruptcy was by said court issued to the defendant, Rector, which certificate was in the words and figures following, to-wit:"

Here follows a copy of the certificate of discharge offered in evidence by the defendant, and marked "Exhibit A," and hereinbefore set forth.

The court also made and filed the following conclusions of law, namely:

"1. That said district court of the United States obtained no jurisdiction of the plaintiffs in this action in said bankruptcy proceedings.

"2. That said defendant fraudulently concealed from the plaintiffs in this action the pendency of said proceedings, and fraudulently prevented said plaintiffs from receiving any notice thereof.

"3. That said defendant was not discharged from the debt sued on in this action by said certificate of discharge in bankruptcy.

"4. That the plaintiff is entitled to judgment against the defendant—

"*First*, for the sum of seven thousand two hundred and ninety-two dollars and twenty-three cents, with interest thereon, at the rate of seven per cent. per annum from and after the 1st day of May, 1878;

"*Second*, for his costs and disbursements in this action, to be taxed by the clerk of this court according to law."

To the ninth, tenth, and thirteenth findings of fact, and to the first, second, third, and fourth conclusions of law, defendant duly excepted.

Among other errors assigned on behalf of the defendant, (appellant,) it is alleged that the court erred in refusing to find the said fifth, sixth, and seventh findings of fact requested by the defendant; and also in refusing to find the first, second, and third conclusions of law requested by the defendant, and in finding the ninth, tenth, and thirteenth findings of fact in favor of the plaintiffs; and also in finding the first, second, third, and fourth conclusions of law in favor of the plaintiffs.

April 19, 1887, judgment was rendered in favor of the plaintiffs, and against the defendant, for the sum of $11,863.66, together with the costs and disbursements of the action.

The defendant appealed to this court.

It is apparent, from this statement of the case, that the plaintiffs seek to attack, collaterally, the discharge in bankruptcy granted to the defendant, and have it declared of no effect as to

a debt claimed to be due to them from the defendant, in and by their action brought in the territorial district court to recover the amount of said debt.

The discharge in bankruptcy, when properly pleaded, is conclusive in a case of this kind, and cannot be attacked collaterally, but may be contested in an application to annul it on the ground that it was fraudulently obtained, made in the court which granted it, within the time, and in the manner, and for the reasons, set forth in the bankrupt law, or by a direct proceeding in some other court having competent jurisdiction.

It appears in the case, "and the court so found," that the defendant was indebted to the plaintiffs in the sums claimed in the complaint, aggregating, as to the principal, $7,292.23; that January 15, 1880, a certificate of discharge in bankruptcy was issued to the defendant, as alleged in his answer.

It is also manifest, from the pleadings and proof and findings of the court, that the said debt on which this action was brought was, as to said principal sum, contracted, and arose and existed, prior to April 28, 1878, the date when defendant filed his petition praying to be adjudged a bankrupt, and that therefore said indebtedness was, as to said principal sum thereof, an indebtedness provable against the estate of the said defendant when he filed his said petition.

Proceedings in bankruptcy under the United States bankrupt laws relate to the estate of the debtor and its application to the payment of his debts, and are in the nature of proceedings *in rem*, and his discharge is the result of the proceedings against, and disposition of, his estate. As to the proceedings being in the nature of proceedings *in rem*, see *Shawhan* v. *Wherritt*, 7 How. 627; *Lamp Chimney Co.* v. *Copper Co.*, 91 U. S. 656, and cases cited; *Thornton* v. *Hogan*, 63 Mo. 143. In *Benedict* v. *Smith*, 48 Mich. 593–595, 12 N. W. Rep. 866, the plaintiff sued the defendant to recover upon a note given by defendant to Fletcher Benedict, and by him indorsed to plaintiff. The defendant pleaded the general issue, with a special plea of discharge in bankruptcy, and in sup-

port of this special plea introduced the records of the bank-
ruptcy court, showing a full discharge. It appeared from the
files that the name of Fletcher Benedict did not appear as a
creditor anywhere in the (bankruptcy) proceedings, although he
then held the note, and he was not shown to have been served
with any notice, as was required by the bankrupt law. The
plaintiff therefore claimed that the discharge in bankruptcy was
void as to said Fletcher Benedict, for the reason that the bank-
rupt court never obtained jurisdiction of his person. In the
opinion of the court, COOLEY, J., said: "If bankruptcy proceed-
ings were strictly proceedings *in personam*, this view would be
unanswerable; but this is not the case. Jurisdiction over the
estate empowers the court to make decree, and the decree is
conclusive upon claims unless attacked for fraud in the bank-
ruptcy court itself. Rev. St. U. S. 1878, § 5120. It cannot be
attacked collaterally in other courts."

The petition, schedule, and inventory required to be filed are
only incidents or steps in the course pursued to bring his estate
into the sight and hands of the court, in order that it may, in
its very substance, be adjudicated upon, and appropriated to the
liquidation of his liabilities. And only the debts or claims prov-
able against his estate are passed upon, and it is from these
only that, by the final discharge, he is released.

The real object of the bankrupt law is to relieve the debtor
from the burden of his debts when he surrenders his estate to
his creditors, and to put it in the hands of an assignee for their
benefit; and it is only upon the surrender of his estate, and its
application to the payment of his debts, in the manner required
by law, that he is entitled to his discharge.

I now, for a more proper understanding of the points under
discussion, quote several sections of the United States Revised
Statutes:

"Sec. 5117. No debt created by the fraud or embezzlement
of the bankrupt, or by his defalcation as a public officer, or
while acting in any fiduciary character, shall be discharged by
proceedings in bankruptcy; but the debt may be proved, and

the dividend thereon shall be a payment on account of such debt.

"Sec. 5118. No discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.

"Sec. 5119. A discharge in bankruptcy, duly granted, shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy. It may be pleaded, by a simple averment, that on the day of its date such discharge was granted to the bankrupt, setting a full copy of the same forth in its terms, as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands. The certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of the discharge.

"Sec. 5120. Any creditor of a bankrupt, whose debt was proved or provable against the estate in bankruptcy, who desires to contest the validity of the discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to annul the same," etc.

The discharge in bankruptcy, then, which was properly pleaded by the defendant, was, under the express provision and sanction of law, a full and complete bar to the suit of the plaintiffs brought on the debt which was due to them from the defendant, and provable against his estate, when he filed his petition in bankruptcy, and it could not be impeached collaterally in said suit.

The discharge itself, by the very terms of the certificate, asserts that James Rector, defendant, "has been duly adjudged a bankrupt," "has filed the assent, in writing, of one-fourth in number and one-third in value of his creditors to whom he is liable as principal debtor, and who have proved their claims, and appears to have otherwise conformed to all the requirements of the law in that behalf."

Under the provision of law before quoted, making the certificate of discharge conclusive evidence in favor of the bankrupt of the fact and the regularity of such discharge, and with the statement of the certificate in the language of the court, attested by the hand of the judge and the seal of the court above referred to, it must be presumed, in the absence of competent evidence to the contrary, in a proper legal proceeding directed against the validity of the discharge itself, that the bankrupt has complied with all the requirements of the bankrupt law necessary to be complied with in order to entitle him to his discharge. And in this case, as presented to us by the record, the trial court erred in finding and holding that the notice required to be served and published by section 5109, U. S. Rev. St., was never served and was not published; and in finding and holding that the district court of the United States, which granted the discharge to the defendant, obtained no jurisdiction of the plaintiffs in this action in said bankruptcy proceedings; and in finding and holding that the defendant was not discharged from the debt sued on in this action by said certificate of discharge in bankruptcy; and in finding and holding that the plaintiffs were entitled to judgment against the defendant; and in rendering judgment against the defendant.

The court having no power to collaterally inquire into, nor impeach, nor go behind, the certificate of discharge pleaded in the action, also erred in finding and holding (ninth finding of fact) that said defendant willfully omitted from said schedule the names and amount of the claim of the plaintiffs, and willfully concealed from the plaintiffs the fact that proceedings to have himself adjudged a bankrupt had been commenced, and knowingly and willfully neglected to give the names of these plaintiffs to said marshal in order that said written or printed notice might be served upon them; and in making the second conclusion of law thereon,—"that said defendant fraudulently concealed from the plaintiffs in this action the pendency of said proceedings, and fraudulently prevented said plaintiffs from receiving any notice thereof."

"When the discharge is pleaded, the court will presume that the requirements of the law in regard to notice to creditors were complied with, and, consequently, that they were parties to the proceedings in bankruptcy." *Lathrop* v. *Stuart*, 5 Mc-Lean, 167.

"The district court must be presumed to have proceeded regularly, according to the jurisdiction granted, until the contrary appears," (*Morrison* v. *Woolson*, 23 N. H. 11,) that is, until the contrary appears from, or is shown by, competent evidence. See Bump, Bankr. (8th Ed.) 730. "The discharge cannot be impeached collaterally on account of defects and irregularities in the proceedings between the petition and the discharge." Id., and cases there cited. "A decree of a district court in a bankruptcy case is conclusive of the fact decreed except when it is called in question in the court where it was entered, or by some direct proceedings in some other court of competent jurisdiction." "Decrees in bankruptcy are entitled to the same verity, and are no more liable to be impeached collaterally than any other judgments or decrees rendered by courts, possessing general jurisdiction." *Michaels* v. *Post*, 21 Wall. 398. "Decrees of the district court rendered in pursuance of the power conferred by the bankrupt act are entitled in every other court to the same force and effect as the judgment or decrees of any domestic tribunal, so long as they remain unreversed, and are not annulled. *Lamp Chimney Co.* v. *Copper Co.*, 91 U. S. 656. In a recent Massachusetts case, (May 7, 1887,) like the one at bar in the main essentials, in which defendant pleaded his discharge in bankruptcy, and the plaintiff in his replication alleged that, if the discharge had been granted, it was obtained without the knowledge of the plaintiff, who averred that he received no notice of the filing of defendant's petition in bankruptcy, or of the proceedings thereon; and that, if any proceedings were ever had, plaintiff's claim was not included in defendant's schedule of creditors; and that such omission was made knowingly, willfully, and fraudulently; and that, if defendant should prove the fact of his discharge as alleged, it in no manner con-

stituted a defense to the cause of action; in which case also the
discharge in bankruptcy was put in evidence, together with a
certified copy of defendant's schedule of creditors, from which
plaintiff's claim was omitted; and in which case plaintiff testi-
fies that he had no knowledge of defendant's discharge until the
expiration of the year 1881, (the discharge bearing date April
15, 1879,) and that he had frequent interviews with the defend-
ant between the maturity of the note (July, 1872) and the ex-
piration of 1881, defendant saying, among other things, "I have
not forgotten you; I shall never forget your kindness, and I
hope soon to be able to pay all my creditors;" and in which
case the plaintiff requested several rulings to the effect that if
defendant knew, at the time of filing his schedule, that plain-
tiff was a creditor, and fraudulently omitted his name, and if
plaintiff had no knowledge of defendant's bankruptcy proceed-
ings until after two years from his discharge, the plaintiff, as a
matter of law, is not a party to the proceedings, and the dis-
charge is not *res adjudicata* to him, and is not necessarily a
bar to plaintiff's claim;—the court refused to rule as requested,
and found for defendant, and C. ALLEN, Judge, in the opinion
of the court, held the doctrine, stated in the syllabus, that "the
validity of a discharge under the United States bankruptcy act
can only be contested by application in the United States dis-
trict court within two years, as provided by U. S. St. 1867, c.
176, § 34; and it makes no difference that the plaintiff's name
was fraudulently omitted from the schedules, and that he knew
nothing of the discharge until after the two years had passed."
The opinion and the syllabus fully agree. *Fuller* v. *Pease*, 11
N. E. Rep. 694.

The attorneys for the respondent raised the query, "is the
district court of the United States, acting as a court of bank-
ruptcy, a superior court of general jurisdiction?" and upon the
theory that it is not, and that its powers "are special and sum-
mary," assert, quoting from *Ex parte Smith*, 94 U. S. 455,
that "the facts upon which the jurisdiction of the courts of the
United States rests, must in some form appear in the record of

all suits prosecuted before them.    To this rule there are no exceptions."

Without determining the question thus raised as to the limited or general jurisdiction of the district courts of the United States in bankruptcy proceedings, it may be said that, even if they are courts of limited and special jurisdiction or authority, "the sufficiency of the proof upon which the court took its action is not a matter open to consideration in a collateral manner." *Comstock* v. *Crawford*, 3 Wall. 396.

On a review of the entire case as brought up by the record, it is manifest that the court erred in not finding for the defendant. The judgment of the district court is reversed.

All the justices concurring, except THOMAS, J., not sitting.