were duly taken. This was immaterial, and in a close case might have an improper effect upon a jury. It follows that there should be a new trial.

Judgment and order reversed upon the exceptions, and new trial ordered, costs to abide the event. All concur.

---

### CROUSE *et al. v.* WHITTLESEY.

*(Supreme Court, General Term, Fourth Department.* November, 1892.)

1. BANKRUPTCY—DISCHARGE—EVIDENCE OF FRAUD.

Plaintiffs sought to have defendant's discharge in bankruptcy declared void for fraud, alleging that he purposely omitted to file a schedule of his individual debts. The only evidence for plaintiffs was an affidavit of the clerk of the court, who came into office two years after the adjudication of bankruptcy, that he could not find in the files any such schedule. Defendant testified that at the proper time he made out his schedule, sent it to his attorneys, and that afterwards, at an examination before the register, he saw it in his office, but whether marked "Filed" or not he could not say; and that at the time of his last examination the register told him he had done everything necessary to get his discharge. There was no evidence that the attorneys did not deliver the schedule to the messenger, as required by Rev. St. U. S. § 5030, or that the messenger did not deliver it to the register. It appeared that plaintiffs were notified of the bankruptcy proceedings about four months before the discharge was granted. *Held,* that there was not sufficient evidence to show that defendant was guilty of fraud in obtaining his discharge. *Poillon* v. *Lawrence,* 77 N. Y. 207, distinguished.

2. SAME—PUBLICATION OF NOTICE.

Rev. St. U. S. § 5119, provides that the certificate shall be conclusive evidence in favor of a bankrupt of the fact and regularity of his discharge. *Held* that, even if the discharge could be impeached in a collateral proceeding by proving that proper notice was not given by publication, the affidavit of the clerk that no proof of publication is now on file is not sufficient to overthrow the presumption in favor of the validity of the discharge, 10 years after it was obtained, and the clerk in the office having been changed.

Appeal from special term, Oneida county.

Action by Daniel Crouse and others against Walter Whittlesey. From an order of the special term denying an application by defendant under Code Civil Proc. § 1268, for the cancellation and discharge of a judgment obtained by plaintiffs against him on September 7, 1875, defendant appeals. Reversed.

For former report, see 15 N. Y. Supp. 851.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*C. D. Adams,* for appellant. *G. W. Adams,* for appellees.

MERWIN, J. There are two questions upon this appeal: (1) Whether the defendant, in obtaining his discharge, practiced a fraud upon the plaintiffs, which is available to them under the doctrine of the case of *Poillon* v. *Lawrence,* 77 N. Y. 207; (2) whether the discharge is shown to be void by reason of want of jurisdiction in the court to grant it.

1. The bankrupt proceedings were commenced in June, 1875, in the United States district court of Kentucky, against the firm of C. C. Barker & Co., of which defendant was a member, and was then a resident of that district. On September 7, 1875, there was an adjudication of bankruptcy. On the 23d August, 1876, the defendant filed his petition for a discharge, and this was granted on 10th August, 1880. The plaintiffs obtained their judgment in the supreme court of this state on September 7, 1875, the suit having been commenced in July, 1874; and in April, 1880, they instituted against defendant proceedings supplementary to execution. Thereupon, on or about April 16, 1880, an order out of the district court in which the bankruptcy proceeding was pending was served upon the plaintiffs, staying the supplemental proceedings until the determination of an application by the defendant for his discharge from his debts. In the *Poillon Case* the creditor had no knowledge of the discharge or of the proceedings in bankruptcy until more than

two years after the discharge was granted, and the proceedings had been intentionally conducted by the debtor in such a manner that notice should not reach the creditor. In the present case the plaintiffs knew in April, 1880, of the pendency of the bankruptcy proceedings, and the discharge was not granted until August, 1880. They had the means of fully informing themselves as to what was being done in the matter, and of opposing the discharge if they saw fit. So far as it appears, they took no steps in the matter until 1890, when they attempted to enforce their judgment. The case here differs very materially from the *Poillon Case.* There the main feature was the concealment by the debtor of the fact that the bankruptcy proceedings were pending; here the notice to plaintiffs before the discharge dispels any idea of an intentional concealment. The plaintiffs here had full opportunity to investigate the defendant's proceedings. Their failure to do so indicates that they were then satisfied with the situation.

The plaintiffs claim as an element of fraud that the defendant purposely omitted to file a schedule of his individual debts, so that the plaintiffs would not have any notice of the proceeding. The proposition that no such schedule was filed, aside from the testimony of the defendant himself, rests upon the affidavit of Mr. Finnell, the present clerk of the court, that he cannot find upon file in the records of the clerk's office any such schedule. Mr. Finnell became clerk in February, 1882. The defendant testified that at the proper time he made his individual schedules, containing the names of all his individual creditors, and sent them to his attorneys for use in the proceeding; and that afterwards, at the time of his examinations before the register, he saw them in the register's office, but whether they were marked "Filed" or not he cannot say; that at the time of his last examination in April, 1876, the register spoke about his individual discharge, and told him he had done everything necessary to get it; and that after that he never saw his individual schedules. By the statute, section 5030, Rev. St. U. S., the defendant was required to make out his schedules, and deliver them to the messenger. The fact that the clerk does not find them in the clerk's office does not prove that they were not delivered to the messenger. If the testimony of the defendant is to be taken as true, (and it does not seem to be contradicted,) the fair inference is that defendant's schedules were delivered by defendant's attorneys to the messenger, and by the latter delivered to the register. There is no evidence on the subject from the messenger. There is no evidence that he did not in fact receive them. If he did receive them, and did not file them, it was not the fault of the defendant. We think that the evidence is not sufficient to show that the defendant, in obtaining the discharge, was guilty of any fraud upon the plaintiffs, within the *Poillon Case.*

Upon the question of jurisdiction, the main point is that the notice required to be given by publication upon the issuing of the warrant, as well as upon the application by the defendant for his discharge, was not given. In order to prove that it was not given, it is shown by the affidavit of the present clerk that he cannot find upon file in his office any proof of such publication. There is no proof that the publication was not in fact made. Under the statute, section 5019, Rev. St. U. S., the publication upon the issuing of the warrant is to be done by the messenger in such newspapers as the warrant specifies. The statute does not state who shall attend to the publication in case of application for discharge. Section 5109. In the case before us there is a copy of the petition of defendant for a discharge, and a copy of the show cause order of the court thereon, which directs the manner in which notice shall be served by publication and by mail, and directs that, in case of no opposition, the register in charge shall carefully examine the papers and steps in the case, and give his opinion as to the regularity of all proceedings, and whether the bankrupt should receive a discharge. Then appears a copy of an entry by the clerk that creditors were notified by letter,

and also a copy of the report of the register recommending a discharge. By section 5119 of the Revised Statutes it is provided that "the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge." If the proper notice was not given, the discharge was not regular, and it may therefore be questionable whether the matter of notice can be contested in a collateral action. See *Campbell* v. *Perkins*, 8 N. Y. 436; *Bank* v. *Olcott*, 46 N. Y. 12. The district court had jurisdiction of the subject-matter and of the person of the bankrupt, and plaintiffs' debt was provable. Assuming, however, that the plaintiffs have the right to impeach the discharge by disproving the giving of notice, is the certificate or affidavit of the clerk that no proof of publication is now on file sufficient to overthrow the presumption in favor of the decree, and raise the presumption that no such notice was in fact given? Ten years and upwards have elapsed. A new clerk is in the office, and the record before us seems to indicate that in May, 1891, papers were found in the office that were not supposed to be there in February previous. The legal presumption is in favor of the regularity and validity of the steps pursued prior to the decree. *Lathrop* v. *Stuart*, 5 McLean, 167. We think that in the present case that presumption is not overthrown. It follows that the order should be reversed, and the motion of defendant granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.